Filed 10/7/15  P. v. Mangrobang CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061223 |
| v. | (Super.Ct.No. SWF1203401) |
| EFREN ESTRADA MANGROBANG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michael B. Donner, Judge.  Affirmed as modified.

Sheila Quinlan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Arlene A. Sevidal and Andrew S. Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant, Efren Estrada Mangrobang, is serving eight years in prison as a second striker after a jury convicted him of charges stemming from a traffic stop during which deputies found drugs, stolen credit cards, and a handgun magazine in his car. Defendant asks this court to (1) credit him with 51 additional days of presentence custody credits and (2) reduce to misdemeanors his drug possession and receiving stolen property convictions under Proposition 47, because his conviction was not yet final when Proposition 47 was enacted.

We modify the judgment to reflect the correct number of presentence custody credits but otherwise affirm.

### FACTS AND PROCEDURE

1. *Counts 1 through 5*

On January 10, 2012, a Riverside County deputy sheriff pulled defendant over in his vehicle for having expired license tags. Because defendant exhibited symptoms of nervousness, sweating, and slow-reacting pupils, the deputy arrested him and had him provide a urine sample for drug testing. The sample came back positive for methamphetamine. A search of defendant's vehicle turned up a high capacity nine-millimeter handgun magazine, a small amount of methamphetamine, a glass smoking pipe, and some credit cards that were traced back to a theft from 2011.

2

2. *Count 6*

On November 9, 2012, a sheriff's deputy arrested defendant and a search showed he had two baggies of methamphetamine in his right front pants pocket. The methamphetamine was tested and found to weigh 0.42 grams.

On July 12, 2013, the People filed an amended information charging defendant with being a felon in possession of ammunition (Pen. Code, § 30305, subd. (a); count 1),[1] receiving stolen property (Pen. Code, § 496, subd. (a); count 2), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 3), misdemeanor being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a); count 4), misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364.1; count 5), and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 6). The People also alleged defendant had a prior strike conviction. (Pen. Code, §§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1).)

On July 17, 2013, the jury convicted defendant on all six counts. On that day, defendant admitted the prior strike conviction.

On October 25, 2013, the court sentenced defendant to eight years as follows: the midterm of two years on count 1, doubled for the strike prior, plus consecutive 16-month terms (eight months, doubled for the strike prior) for counts 2, 3, and 6, plus stayed sentences on counts 4 and 5.

This appeal followed.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

3

**DISCUSSION**

1. *Correction of Presentence Credits*

Defendant argues, the People concede, and this court agrees, that the minute order of October 25, 2013, and the abstract of judgment should be corrected to reflect the correct number of actual custody and conduct credit days. The court erroneously calculated defendant's actual custody credits at 205 days and his conduct credits at 205 days, for a total of 410 days. A calculation error in custody credits is considered to be clerical in nature, which can be corrected when it comes to the court's attention. (*People v. Jack* (1989) 213 Cal.App.3d 913, 916-917.)

The correct numbers are 231 days of custody credits plus 230 days of section 4019 conduct credits, for a total of 461 days. Under section 4019, subdivision (f), "a term of four days will be deemed to have been served for every two days spent in actual custody." The actual days are based on the following dates of custody—January 10 to 13, 2012 (four days actual), January 18 and 19, 2012 (two days actual), November 9, 2012 to January 2, 2013 (55 days actual), and May 9, 2013 to October 25, 2013 (170 days actual).

2. *Proposition 47 Resentencing*

Defendant contends Proposition 47 requires this court to reduce his two drug possession offenses (counts 3 & 6) and his receiving stolen property offense (count 2) to misdemeanors and remand for resentencing. The People respond that Proposition 47

4

does not apply retroactively, so defendant must file a petition in the superior court for recall of his sentence under section 1170.18.

In the November 4, 2014, general election, the voters passed Proposition 47, the Safe Neighborhoods and Schools Act. (Pen. Code, § 1170.18.) For defendants who have already been convicted and sentenced, as has defendant, Proposition 47 establishes a procedure for resentencing based on a determination of dangerousness. It also reduces crimes for some offenses to misdemeanors. As relevant here, drug possession under Health and Safety Code section 11377 is now a misdemeanor (Health & Saf. Code, § 11377, subd. (a)), as is receiving stolen property if the value of the property is $950 or less (Pen. Code, § 496, subd. (a)).

Retroactivity is the key issue. No part of the Penal Code is retroactive unless expressly so declared. (§ 3; *People v. Brown* (2012) 54 Cal.4th 314, 319.) The Proposition 47 initiative is silent about its application to cases that are not yet final on appeal, such as defendant's.

In *In re Estrada* (1965) 63 Cal.2d 740, the court established the principle that a reduction in punishment yields an "inevitabl[e]" intrinsic inference of retroactive application to all cases not yet final on appeal, absent some form of saving clause from which a court can find an intent of prospective application. (*Id.* at pp. 744-745, 747-748.) However, the *Estrada* principle applies *only* where there is a reduction of a *particular* punishment for a *particular* crime. (*People v. Brown*, *supra*, 54 Cal.4th at pp. 324-325.) The reduction in punishment for a broad number of crimes (see § 1170.18, subds. (a), (b))

5

in Proposition 47 has collective application to a class of different crimes and defendants, and accordingly does not satisfy the restated *Estrada-Brown* criteria for applying an inevitable intrinsic inference of an intent for retroactive application to defendants with cases not yet final on appeal.

In *People v. Yearwood* (2013) 213 Cal.App.4th 161, 173-174, the court applied *Estrada* to hold that Proposition 36, enacted in November 2012, was not retroactive and did not apply to defendants sentenced before the effective date of the law. The California Supreme Court is currently reviewing the issue of the retroactivity of Proposition 36 based on *Yearwood*.[2]

The *Yearwood* court reasoned that the petition procedure available for persons currently serving a sentence for a crime affected by Proposition 36 acts as a "savings clause" under *Estrada,* from which a court can find the intent for prospective, rather than retroactive, application. Proposition 47 contains a similarly worded petition procedure for persons "currently serving a sentence for a [felony] conviction . . . who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . ." (§ 1170.18, subd. (a)). Because of this similarity in language and in the overall petition procedure for those currently serving a sentence that would be imposed differently post-Proposition 36

---

[2] See, e.g., *People v. Conley* (2013) 215 Cal.App.4th 1482, review granted August 14, 2013, S211275.

or 47, we believe our Supreme Court will ultimately resolve the retroactivity issue similarly for both propositions.

Given the evolving state of the law, we therefore follow the reasoning in *Yearwood* and *Estrada* and hold that Proposition 47 is not retroactive and does not permit defendant to receive automatic resentencing. Instead, we conclude that he must pursue his statutory remedy to petition the trial court for recall of sentence, resentencing, and a determination of dangerousness. (§ 1170.18; *People v. Yearwood*, *supra*, 213 Cal.App.4th at pp. 170, 177.) This is in keeping with recently published appellate decisions, including *People v. DeHoyos* (2015) 238 Cal.App.4th 363 (the amendments enacted in Proposition 47 were not intended to apply automatically to people currently serving sentences for listed offenses; rather, to be considered for resentencing, the defendant would have to utilize the procedure specified in § 1170.18) and *People v. Shabazz* (2015) 237 Cal.App.4th 303 (appellate court could not order the reduction of the defendant's felony drug possession and receiving stolen property convictions to misdemeanors because the voters had not expressed the intent to permit such reduction without the filing of an application in the trial court).

## DISPOSITION

The judgment is modified as follows: (1) defendant shall receive presentence credit of 461 days, consisting of 231 days of actual presentence custody credits and 230 days of presentence conduct credits. As modified, the judgment is affirmed.

7

The superior court clerk is directed to prepare a minute order and amended abstract of judgment to reflect the modifications and to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ            
P. J.

We concur:

HOLLENHORST        
J.

MILLER           
J.